## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| APRIL BUTLER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:20-cv-00772 |
| CAPITAL MANAGEMENT SERVICES, LP, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes APRIL BUTLER ("Plaintiff"), by and through her undersigned attorney, complaining as to the conduct of CAPITAL MANAGEMENT SERVICES, LP ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code. Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4.   Plaintiff is a consumer over 18 years-of-age residing within the Western District of Texas.

5.   Defendant is a third party debt collector holding itself out as a "nationally licensed and recognized collections agency."[1] Defendant is a limited partnership organized under the laws of the state of Delaware with its principal place of business located at 694 South Ogden Street, Buffalo, New York.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7.   The instant action arises out of Defendant's attempts to collect upon a purportedly outstanding consumer debt ("subject debt") said to be owed by Plaintiff.

8.   The subject debt stems from purportedly past due payments Plaintiff is said to owe in connection with a Discover Bank ("Discover") credit card Plaintiff used for personal purposes.

9.   On information and belief, Defendant acquired the collection rights to the subject debt after Plaintiff's purported default with Discover.

10.  On or about July 9, 2020, Defendant sent or caused to be sent to Plaintiff a collection letter seeking collection of the subject debt.

---

[1] https://www.cms-collect.com/

11.   The collection letter represents that the "Amount of Debt" associated with the subject debt totaled $3,618.10.

12.   The collection letter further advised that the "Minimum Payment Due" totaled $618.00.

13.   The body of the collection letter confirmed that Defendant was acting on behalf of Discover before stating: "Because of interest, late charges and **other charges that may vary from day to day**, the balance due on the day you pay may be greater" (emphasis added).

14.   As a result of Defendant's language, Plaintiff believed that, in addition to any interest and late charges, the subject debt may be imminently increased due to the accrual of some sort of "other charges."

15.   As outlined further below, Defendant's suggestion at the time it sent the collection letter that "other charges" may vary from day to day was false, deceptive, and misleading.

16.   While interest and late charges may very well have been added to the subject debt, it is evident that any "other charges" that "may vary from day to day" referenced in Defendant's collection letter were illusory and would not have come about in the manner referenced by Defendant.

17.   Upon information and belief, whereas the underlying Discover card member agreement between Plaintiff and Discover allowed for interest and late charges that could have potentially varied from day to day, such underlying contract did not allow nor provide for the imposition of any "other charges" that could conceivably "vary from day to day."

18.   Instead, the only "other charges" that could conceivably "vary from day to day" would have been collection costs that arose had Discover turned collection of the subject debt over to an attorney for collection purposes.

19.  Since Defendant is clearly not an attorney, no "other charges" could have potentially "varied from day to day," rendering Defendant's suggestion that such illusory charges could be added and may vary from day to day false, deceptive, and misleading.

20.  Upon information and belief, Defendant's deceptive and misleading language was included in its collection letter in a blanket effort to provide Plaintiff with "safe harbor" language courts have approved of in situations where debt collectors attempt to collect upon variable debts.

21.  However, Defendant's choice to blindly follow such language, without considering how, under the instant circumstances, such language was false, deceptive, and misleading, underscores the deceptive and misleading nature of Defendant's collection efforts.

22.  Confused and concerned by the nature of Defendant's collection letter, Plaintiff spoke with her undersigned attorney regarding her rights, resulting in exhausting time and resources.

23.  Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, being deprived the ability to intelligently chart a course of conduct in response to Defendant's efforts to collect the subject debt given Defendant's violations of law, and a violation of her state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who uses any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly use the mails and/or telephones to collect,

4

or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to

be owed or due another.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction

due or asserted to be owed or due to another for personal, family, or household purposes.

### a.  Violations of FDCPA § 1692e

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any

false, deceptive, or misleading representation or means in connection with the collection of any

debt."

29. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt
> . . . ." 15 U.S.C. § 1692e(2)(A)
>
> "The use of any false representation or deceptive means to collect or attempt to
> collect any debt or to obtain information concerning a consumer."  15 U.S.C.
> §1692e(10).

30. Defendant violated § 1692e, e(2), and e(10) through its false, deceptive, and misleading

representation that the subject debt could have accrued other charges that may vary day to day.

Because the underlying contract did not provide for such "other charges" that "may vary day to

day" which Defendant would be able to collect, Defendant's representations to the contrary are

inherently false, deceptive, and misleading under the FDCPA. Defendant's false, deceptive, and

misleading representations misled and deceived Plaintiff into believing that the subject debt may

be imminently increased by such varying "other charges," when the only variable "other charges"

could, and would, not have been tacked on to the overall balance of the subject debt at the time the

collection letter was sent. This underscores Defendant's lack of lawful ability to add such other

charges in a manner that may vary day to day, as well as Defendant's lack of intent to add such

other charges that may vary day to day. Defendant cannot immunize itself from liability by blindly

copying and pasting the *Miller* safe harbor language without regard for whether that language is accurate under the circumstances. *Boucher v. Fin. Sys. of Green Bay,* 880 F.3d 362, 371 (7th Cir. 2018).

WHEREFORE, Plaintiff, APRIL BUTLER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

   e.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

33. Defendant is a "debt collector" and "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

34. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a.  Violations of TDCA § 392.304

35. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt . . ." The TDCA, under Tex.

Fin. Code Ann. § 392.304(19), further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt . . . ."

36. Defendant violated the above referenced provisions of the TDCA through its false, deceptive, and misleading representations regarding the extent to which "other charges" may have varied "day to day" in the collection letter it sent Plaintiff.

WHEREFORE, Plaintiff, APRIL BUTLER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

     a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

     b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

     c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

     d.  Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

     e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

     f.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated:  July 22, 2020                    Respectfully submitted,

                                       s/ Nathan C. Volheim
                                       Nathan C. Volheim, Esq. #6302103
                                       Counsel for Plaintiff
                                       Admitted in the Western District of Texas
                                       Sulaiman Law Group, Ltd.
                                       2500 South Highland Ave., Suite 200
                                       Lombard, Illinois 60148
                                       (630) 568-3056 (phone)
                                       (630) 575-8188 (fax)
                                       nvolheim@sulaimanlaw.com